Before ANDREW A. CAFFREY, Chairman, ROY W. HARPER, CHARLES R. WEINER, EDWARD S. NORTHROP, ROBERT H. SCHNACKE, FREDERICK A. DAUGHERTY, and SAM C. POINTER, Jr., Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

This litigation consists of two actions pending in two federal districts: one each in the Northern District of Texas and the Southern District of Mississippi.

The Texas action was filed in November, 1979, by Sicilia Di R. Biebow & Co. (Biebow) against Ronald C. Cox (R. Cox) and Sales U.S.A., Inc. (Sales U.S.A.). Biebow is

**In re SICILIA DI R. BIEBOW & COMPANY CONTRACT LITIGATION.**

**No. 423.**

Judicial Panel on Multidistrict Litigation.

April 23, 1980.

a limited Italian partnership of German citizens that owns United States Letters Patent No. 3,378,168 dated April 16, 1968, for "an invention of a dispensing mechanism which, when squeezed, causes a pair of liquids held in separate containers to mix with each other, and results in the dispensing of lemon and lime juices." Biebow distributes this invention under the registered trademark "Sicilia."

On November 22, 1967, Biebow entered into a distributorship contract with Smoked Foods Products Company, Inc. (Smoked Foods) that permitted Smoked Foods to be the sole distributor in the United States of Sicilia lemon juice in a plastic bottle. The contract provides also, *inter alia* :

*DURATION.* This Agreement shall be binding on both parties hereto for two (2) years from and after January 1, 1968. If, during the calendar year 1969, Distributor has not ordered and paid for lemon juice costing at least $150,000.00, then, and in that event, Manufacturer may, at its option, terminate this Agreement. Any such termination must be given within sixty (60) days after January 1, 1970 and will be effective July 1, 1970. In the event Distributor has purchased and paid for lemon juice in the minimum amount of $150,000.00 during the calendar year 1969, then this Agreement shall be automatically renewed from year to year as long as the lemon juice purchased and paid for by Distributor during any calendar year, under the terms of this Agreement, equals or exceeds $150,000.00 or sixty (60%) of the lemon juice purchased or paid for during the preceding calendar year, whichever is greater. Failure on the part of Distributor to purchase and pay for lemon juice as hereinbefore set forth shall give to Manufacturer the option of terminating this Agreement as hereinabove set forth. Distributor may cancel or terminate this Agreement at the end of any calendar year after the calendar year 1969 upon six (6) months written notice to Manufacturer. If Distributor terminates this Agreement, without just cause, then Distributor agrees that it will not manufacture or distribute any form of lemon juice in the United States of America for a period of five (5) years from the date of such cancellation or termination. In the event of termination of this Agreement for any reason, the Distributor shall be liable to Manufacturer for lemon juice theretofore ordered and delivered in accordance with this Agreement.

The November 22, 1967 contract was supplemented by an agreement dated February 26, 1975, that provides, *inter alia*, that future payments by Smoked Foods be made in Swiss francs. Both contracts were signed on behalf of Smoked Foods by Marcus Cox (M. Cox), who is the chairman of the board of Smoked Foods and a defendant in the Mississippi action only. R. Cox is a defendant in the Texas action only, is president of Smoked Foods, and is the son of M. Cox.

Biebow alleges in the Texas action that by September 18, 1978, R. Cox completed the formation of Sales U.S.A. "as the vehicle for a prohibited competing business in lemon and/or lime products," known as "Pompeii." Biebow charges defendants in the Texas action with patent infringement, unfair competition and breach of the 1967 distributorship contract as modified in 1975. Biebow seeks injunctive relief and damages.

R. Cox and Sales U.S.A. have filed a counterclaim against Biebow in the Texas action, alleging that Biebow's dealings with them constitute violations of the federal and Texas antitrust laws and that the patent in question is invalid.

The Mississippi action was filed also in November, 1979, by Biebow and Sidag Aktiengesellaschaft (Sidag), a Swiss corporation that is a "wholly owned operating vehicle of Biebow, affiliated as a manufacturing arm and handling central billing and inventory management functions for plaintiffs," against Smoked Foods and M. Cox and Pauline Cox (P. Cox). The Mississippi complaint seeks to recover from defendants on five separate counts.

In count one, plaintiffs seek to recover 141,613.25 Swiss francs allegedly due them for three purchases made by Smoked Foods

from Sidag in 1978, pursuant to the same 1967 distributorship contract that is involved in the Texas action. Count two charges defendants with conversion of a total of $34,755.68 deposited in the name of Biebow in Deposit Guaranty National Bank, Jackson, Mississippi (Deposit Guaranty). Count three charges that "on or about January 2, 1979 defendants . . . fraudulently obtained $10,000 in monies belonging to [Biebow] at [Deposit Guaranty]." Count four charges that "on or about December 26, 1978, defendants . . . fraudulently obtained $4,755.68 in monies belonging to [Biebow] on deposit with [Deposit Guaranty]. Count five charges defendants with breach of the 1967 distributorship contract as modified in 1975. Plaintiffs charge that defendants used plaintiffs' funds that were on deposit in Deposit Guaranty in "establishing unfairly competing lemon and lime juice products, one of which is known as 'Pompeii', in violation of the contract between plaintiffs and defendants and in unfair competition with plaintiffs' product." Plaintiffs allege that "such products are offered . . . by an enterprise having its home office in Texas and being managed by [R.] Cox for defendants." Plaintiffs seek injunctive relief and damages.

Smoked Foods, R. Cox and P. Cox have filed a counterclaim against Biebow and Sidag in the Mississippi action, alleging that Biebow breached the 1967 distributorship contract as modified in 1975 by establishing other American distributors for Biebow products, and that Biebow breached an agreement between Biebow and Smoked Foods to build a bottling plant for Biebow's products in the United States.

Presently before the Panel is a motion by Biebow and Sidag, pursuant to 28 U.S.C. § 1407, to transfer the Mississippi action to the Northern District of Texas for coordinated or consolidated pretrial proceedings with the action pending there. Defendants in the Texas and Mississippi actions oppose the motion.

We find that, although these actions involve some common questions of fact, transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Accordingly we deny the motion to transfer.

Movants contend that "[t]he parties in both actions are identical or are very closely related," that the actions share "important common questions of fact" and that therefore centralization is necessary in order to avoid conflicting pretrial rulings, prevent duplicative discovery and other pretrial proceedings, and reduce the costs of litigation.

Movants argue that among the important common questions of fact are issues relating to the 1967 distributorship agreement as supplemented in 1975, including the alleged violation of the "non-competition clause" and questions concerning whether Biebow or Smoked Foods terminated the contract. Movants emphasize that Biebow is a plaintiff in both actions and that R. Cox, a defendant in the Texas action, is president of Smoked Foods, a defendant in the Mississippi action. Also, movants stress that R. Cox is the son of M. and P. Cox, defendants in the Mississippi action. Movants maintain that these parties, plus an additional three individuals who are residents of Minnesota and Jackson, Mississippi, will be witnesses in each action.

We find these arguments unpersuasive. Only two actions are involved here. And, although we recognize the existence of common questions of fact between these two actions, movants have not met their burden of convincing us that those common factual questions are complex enough and that the accompanying discovery will be so time consuming as to justify transfer under Section 1407. *See In re Scotch Whiskey Antitrust Litigation,* 299 F.Supp. 543, 544 (J.P.M.L. 1969).

We observe that suitable alternatives to Section 1407 transfer are available in order to minimize the possibility of duplicative discovery. For example, notices for a particular deposition could be filed in both actions, thereby making the deposition applicable in each action; the parties could seek to agree upon a stipulation that any discovery relevant to both actions may be

used in each action; any party could seek orders from the appropriate district courts directing the parties to coordinate any pretrial efforts germane to both actions; and any party may request from the appropriate district court that discovery completed in either action and relevant to the other action be made applicable to that action. *See also In re The Upjohn Company Antibiotic Cleocin Products Liability Litigation*, 81 F.R.D. 482 (E.D.Mich.1979); *Manual for Complex Litigation*, Parts I and II, § 3.11 (rev. ed. 1977). Also, consultation and cooperation among the two concerned district courts, if viewed appropriate by those courts, coupled with the cooperation of the parties, would minimize the possibility of conflicting pretrial rulings. *See In re Texas Instruments Inc. Employment Practices*

*Litigation*, 441 F.Supp. 928, 929 (J.P.M.L. 1977).

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. § 1407 for centralization in a single district of the actions listed on the following Schedule A be, and the same hereby is, DENIED.

SCHEDULE A

**Southern District of Mississippi**

| | |
|---|---|
| Sidag Aktiengesellschaft, et al. v. Smoked Foods Products Co., Inc., et al. | Civil Action No. J79-0553(R) |

**Northern District of Texas**

| | |
|---|---|
| Sicilia Di R. Biebow & Co. v. Ronald C. Cox., et al. | Civil Action No. 3-79-1397-D |